RECEIVED
JAN 27 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HIGH LIFTER PRODUCTS, INC.                CIVIL ACTION NO.: 5:04 CV 2584

VERSUS                                    JUDGE HICKS

TITAN INTERNATIONAL INC. ET AL            MAGISTRATE JUDGE HORNSBY

## ORDER  *as modified,*

It is hereby ordered that the attached Protective and Confidentiality Order is hereby accepted by the court and made applicable to this proceeding, as set forth herein.

Shreveport, Louisiana, this 26 day of January, 2006.

_____
HON. ~~S. MAURICE HICKS, JR.~~
Mark L. Hornsby

RECEIVED
JAN 2 4 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA


Order

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HIGH LIFTER PRODUCTS, INC. | CIVIL ACTION NO.: 5:04 CV 2584 |
| VERSUS | JUDGE HICKS |
| TITAN INTERNATIONAL INC. ET AL | MAGISTRATE JUDGE HORNSBY |

## PROTECTIVE AND CONFIDENTIALITY ORDER

Plaintiff, High Lifter Products, Inc. (High Lifter) possesses certain confidential information that may be disclosed to defendants in this action. High Lifter and Titan Tire Corporation (Titan) wish to insure that any such confidential information shall not be made public by Titan, or be otherwise disseminated by Titan except as set forth in this Protective and Confidentiality Order ("Order"). Titan represent that it has no wish or intention to use such information for any purpose beyond this action.

Accordingly, the parties agree, subject to the approval of the Court, that the following procedure shall be employed for that protection of High Lifter's confidential information, pursuant to ~~Article 1426 of the Louisiana Code of Civil Procedure:~~ Rule 26(c) of the Fed. R. Civ. P.

1.

For purposes of this Order, Confidential information means any document, writing, paper, tangible thing, transcript or oral testimony or recorded statement of counsel, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and the contents of any such document, writing, paper, thing, transcript or statement, which High Lifter designates as "Confidential." By way of example, and not limitation, confidential information may include or be included in documents, papers,

1

manuals, transcripts, answers to interrogatories and other responses to discovery requests, briefs, summaries, notes, abstracts, motions, drawings, and any instruments which comprise, embody or summarize matters which High Lifter considers confidential and desires not to be made public. High Lifter specifically designates the following items are among the items of confidential information covered by this Order:

(a) Any and all documents which are financial in nature on which set fourth any financial information of High Lifter;

(b) Any document which set forth proprietary design or other design information by High Lifter;

2.

Whenever High Lifter produces a document or thing containing information High Lifter deems to be confidential which it wishes to be subject to this Order, High Lifter shall mark or designate the document or thing "Confidential." Titan shall mark any copy made of such document or thing or any abstract, summary or memoranda containing the confidential information "Confidential." Where any document or thing is marked or designated "Confidential" upon the first page thereof, the entire document or thing shall be deemed marked "Confidential."

3.

Whenever a deposition taken on behalf of any party hereto involves a disclosure of confidential. As soon as High Lifter makes such designation, the following provisions shall apply:

(a) The initial session of the deposition and all subsequent sessions thereof shall be considered confidential and shall be taken subject to the provisions of this Order. Such

designation shall be made on the record whenever possible, but High Lifter may designate portions of the transcript of depositions as containing confidential information after transcription as in the case of any other document or tangible thing, provided that written notice of such designation is promptly given to Titan; and

(b) The originals of the deposition transcripts and all copies thereof shall bear the legend "Confidential" and open further order of the court may be ordered be sealed, identified as being "Confidential" and subject to this Order, and not opened except by further order of this Court.

4.

(a) All material that High Lifter designates "Confidential" in this action shall be maintained in strict confidence by Titan and used solely in the preparation or trial of this action. Titan shall not disclose or permit to be disclosed material which is designated "Confidential" to any persons, including consultants, experts or others retained by Titan, expect insofar as counsel may deem it necessary to consult with or use the services of such persons in order to prepare for or try this case, and then only as set forth below.

(b) Specifically, access to material which High Lifter designates "Confidential" shall be restricted to Titan's counsel and his legal and clerical staff.

(c) Counsel for Titan, by executing this Order, undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under his supervision or control.

(d) If Titan intends to disclose to others material that High Lifter has designated "Confidential," including consultants or experts to others retained by Titan in the preparation of this case, Titan shall furnish to counsel for High Lifter the name of each individual and an

identification of the material to be disclosed as least 20 days prior to making the disclosure. If counsel for High Lifter has not sought a further protective order against such disclosure within 20 days form receipt of such notification, the disclosure may be made, provided that Titan shall supply each person receiving the disclosure with a copy of this Order. Each such person shall execute a written statement under oath, in the form appended hereto as Exhibit "A", acknowledging that he/she is familiar with the provisions of this Order and agreeing to abide by them. Titan's counsel shall promptly furnish and executed duplicate original of the statement to counsel for High Lifter.

5. to b

If material designated "Confidential" is used at trial, ~~it shall be submitted under seal for inspection by the Court or jury and returned to~~ the party offering the "Confidential" material ~~at the end of the trial. After such return, the provisions of this order shall continue to cover the "Confidential" material~~ shall obtain prior instructions from the District Judge at the PreTrial Conference regarding the submission of such material.

MLH

6.

Immediately after entry of final judgment, settlement or dismissal in connection with this action, Titan shall return to High Lifter all documents and things or transcripts of depositions together with all copies, summaries and abstracts thereof, which have been designated as "Confidential" pursuant hereto.

7.

Nothing in this Order shall be construed to entitle Titan to obtain any document, thing or information from High Lifter or preclude High Lifter from objecting to or denying ay request for any document, thing or information.

8.

Nothing in this Order shall be deemed to preclude High Lifter or Titan form seeking and obtaining additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Order with respect material designated "Confidential" hereunder.

9.

Neither this Order not High Lifter's production of documents, things or information in this action for inspection, copying or disclosure to Titan shall be deemed to waive any claim of attorney-client privilege or attorney work-protection that might exist with respect to these or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents which High Lifter may produce.

**KITCHENS, BENTON, KITCHENS, & BLACK**

BY: _____
Clinton C. Black
La. Bar Roll #25604
2120 Airline Drive
Bossier City, LA 71111
Telephone: (318) 747-9636
Facsimile: (318) 747-7679
*Attorneys for Plaintiffs*

BORNE & WILKES, L.L.P.

BY: _____
JOHN F. WILKES, III (Bar Roll 1644), T.A.
LISA E. MAYER (Bar Roll #23855)
JOY C. RABALAIS (Bar Roll #26476)
LIBBY HEINEN (Bar Roll #24452)
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana 70502-4305
Telephone:   (337) 232-1604
Facsimile:   (337) 232-1837
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HIGH LIFTER PRODUCTS, INC.       :

VERSUS                            :  CIVIL ACTION NO. CV04-2584-S

TITAN INTERNATIONAL, INC., ET AL  :  JUDGE HICKS, MAG. JUDGE HORNSBY

## AFFIDAVIT

STATE OF ILLINOIS
COUNTY OF ADAMS

BEFORE ME, the undersigned authority, personally came and appeared Cheri T. Holley who, after being sworn, stated as follows:

(1) I have been requested by Titan, through its counsel, to inspect certain material which is "Confidential" within the terms of the Protective and Confidentiality Order issued by the Court in this action, for the purpose of assisting counsel to prepare for the trial of this case.

(2) I have read the Protective and Confidentiality Order which is proposed to be entered in this action and I agree to be bound by it in the same way that the parties to this action are bound.

(3) I hereby agree to submit to the jurisdiction of the United States District Court for the Western District of Louisiana, Shreveport Division, for enforcement of the undertaking I have made herein, and I appoint counsel for Titan as my agent to receive service of process in that connection.

_Cheri J. Holley_

SWORN TO AND SUBSCRIBED BEFORE ME,
THIS 5th DAY OF January, 2006

_____
NOTARY PUBLIC

OFFICIAL SEAL
JENNIFER L. CRAMM
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1/8/2009